## WILLIAM WARNOCK v. THE STATE.

1. RECOGNIZANCE. — A defendant, after conviction, cannot be released on re-cognizance when he is charged with a felony, and pending the disposition of his appeal.

2. SAME. — The recognizance must properly describe the offence with which the defendant is charged, else his appeal will be dismissed.

3. PRACTICE. — The conviction of a defendant of an offence of lower grade than that with which he is charged in the indictment or information is, in effect, an acquittal of the higher offence charged in the indictment.

APPEAL from the District Court of Medina. Tried below before the Hon. T. M. PASCHAL.

The indictment charges appellant with an assault with intent to murder, committed upon the person of a colored man, whose name was, by the grand jurors, called John Brown. The offence is alleged to have been committed in Medina County, on the first day of October, 1875. The appellant was convicted of an aggravated assault, and his fine fixed at $500. Appellant took an appeal, and entered into recognizance to appear at the next term of the District Court of Medina County, there to abide the disposition of his appeal by this court. The recognizance recites the offence with which he is charged as an " assault with intent to murder."

There was no material variance in the testimony offered by the State. It discloses that the negro assaulted was one of a number of hands employed by appellant in the con-struction of a house, in Medina County. The special duty of the negro was to keep the hands supplied with water, from a distant creek, with which to prepare mortar. On the morning of the difficulty, the appellant, reaching the house, found that the negro had not gone after the water, and that the other hands were thereby left idle. Growing angry, he ordered the negro to " go on, go on ;" and, according to one witness, being replied to by the negro,

struck him over the head with a shovel he had been using in unloading the sand. Thereupon the negro took the barrel and started for water; but, progressing some fifty yards, lay down, and lay there until about noon, when he was taken away by unknown parties in a wagon. One witness saw blood on the negro's head, but none saw wounds. None of the witnesses had since seen the negro. He was described by all the witnesses as lazy and trifling. Appellant was armed, and could easily have killed the negro, if so inclined. He made no effort to use his weapons.

Appellant offered no evidence.

No brief for appellant.

*Thomas Ball*, Assistant Attorney-General, for the State, filed a motion to dismiss the appeal.

ECTOR, P. J. The appellant was indicted for an assault with intent to murder, convicted of an aggravated assault, and his punishment assessed at a fine of $500.

He took an appeal to this court, and entered into a recognizance, with three sureties, to appear before the District Court of Medina County, to abide the judgment of the Court of Appeals; the condition of the recognizance being as follows, to wit: "But to be void on condition that the said defendant, William Warnock, who is charged with the offence of assault with intent to murder an unknown colored man, called by the grand jurors John Brown, appear before the District Court of Medina County, on the fourth day after the first Monday in September next, there to remain from day to day, and from term to term, and not depart without leave of said District Court, in order to abide the judgment of the Court of Appeals of the State of Texas."

The recognizance is defective. A defendant, after conviction, is not entitled to be released on recognizance when he is charged with a felony.

The appellant having been convicted of an aggravated assault, the effect of the verdict was to acquit him of the assault with intent to murder; and the offence, then, with which he was charged was an aggravated assault, and was the one for which he should have entered into his recognizance to appear before said District Court, to abide the judgment of the Court of Appeals.

If the recognizance had described the judgment rendered in the District Court, it would have sufficiently designated the offence with which the appellant was charged.

Because the recognizance fails to describe the offence with which appellant is charged, the motion of the assistant attorney-general to dismiss the appeal is granted, and the appeal herein is dismissed.

*Appeal dismissed.*